IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.  16-09440 (ESL) |
| OMAR RAMOS MORALES | CHAPTER  13 |
| Debtor | |
| OMAR RAMOS MORALES | |
| Plaintiff(s) | |
| vs. | ADV. PROC. NO.  19-0446 (ESL) |
| BANCO POPULAR DE PUERTO RICO | FILED & ENTERED ON MAY/18/2020 |
| Defendant(s) | |

OPINION AND ORDER

This adversary proceeding is before the court upon the motion for partial summary judgment filed by Omar Ramos Morales ("Debtor" or "Plaintiff") on the ground that the uncontested facts show that Banco Popular de Puerto Rico ("BPPR") willfully violated the automatic stay by continuing with collections efforts against the Debtor after the bankruptcy petition was filed. BPPR answered by opposing Debtor's request and by moving on its own motion for summary judgment praying the court to dismiss the complaint as BPPR did not violate the automatic stay. The Debtor filed an opposition to BPPR's motion for summary judgment.

The Debtor filed a petition under chapter 13 of the Bankruptcy Code on October 31, 2016. BPPR was scheduled as a secured creditor and was given notice of the bankruptcy petition filing. On December 20, 2016 BPPR filed a secured claim. The chapter 13 plan dated February 15, 2017 was confirmed on March 2, 2017. The confirmed chapter 13 plan provides that the debtor consents to relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to permit BPPR to enforce its state-law interests against the collateral; and that any deficiency claim filed by BPPR following the disposition of such collateral will be treated as unsecured. There are no pending matters in the

-1-

bankruptcy case. The Chapter 13 trustee filed a final report on plan completed and for entry of discharge.  The discharge order was entered.

The Debtor filed the instant complaint seeking damages for the alleged violation of the automatic stay provisions of 11 U.S.C. §362(a) on October 31, 2019. Defendant answered the complaint. A pretrial was scheduled and held on February 21, 2020. The parties filed a detailed and comprehensive joint pretrial report ("report").  The report submits as uncontested facts the relevant facts which serve as the basis for the pending motions for summary judgment.

Jurisdiction

This court has jurisdiction under 28 U.S.C.§157 (a) (b) (1) and §1334. This action is a core proceeding under 11 U.S.C. §§362 and Fed. R. Bankr. P. 7001. Venue lies in this District pursuant to 28 U.S.C.§§1408;1409 and 1391(b).

Position of the Parties

Debtor/Plaintiff

Debtor alleges that BPPR delivered to him a collection letter demanding immediate payment of the pre-petition arrears regarding the mortgage loan #9489 after the bankruptcy petition was filed. "The collection letter demands payment for the balance of the arrears in the mortgage loan in the amount of $86,454.52 and in summary states: 'you should pay the total amount due owed in any of our branches or send payment by mail immediately' 'We urge you to pay on time to maintain a good credit record.'" Such action, taken with actual knowledge of the filing of the bankruptcy petition and the treatment of the claim in the confirmed chapter 13 plan, constitutes a willful violation of the automatic stay.

The Plaintiff submits that the automatic stay was lifted pursuant to the provisions of the confirmed chapter 13 plan for the exclusive purpose of proceeding with in rem remedies against the collateral. The collection letter demanded immediate payment from the Plaintiff. The letter was not sent with the purpose of enforcing a state law in rem remedies. The three elements for a stay violation are present. Therefore, BPPR is liable for its actions.

The collection letter demands payments for the balance of the arrears in the mortgage loan in the amount of $86,454.52 and states: "you should pay the total amount due owed in any of our branches or send payment by mail immediately" The collection letter also states "[w]e urge you to pay on time to maintain a good credit record." Therefore, BPPR "threatened the Debtor with reporting such debt with the credit bureau agencies and its effects on his credit. It is undisputed that BPPR had notice of the automatic stay entered and in effect in the instant case. Furthermore,

BPPR was aware of the provision included in the confirmed plan and the limitations of the stay lifting. The evidence and the uncontested facts proved that BPPR had knowledge of the automatic stay and the provisions of the confirmed plan at least on 6 ways."

The terms of the confirmed plan show that only in rem remedies were allowed. Thus, "[a]ttempts to coerce the Debtor into making payments towards the pre-petition debt were not allowed under the terms of the confirmed plan." There is no reasonable basis to conclude otherwise.

Arguments that the Debtor has continued to occupy his residence for free is not a defense to violations of the automatic stay. "Pursuant to Puerto Rico applicable law, the Plaintiff can occupy the property not only until a judgment is entered in favor of BPPR but until the property is sold at a public auction and title has been properly transferred. Defendant BPPR needs to follow the necessary steps towards the foreclosure of the property. As of for now, Defendant BPPR has admitted that it has not foreclosed on the property. See Defendant's Statement of Uncontested Fact No. 13. Apparently, no foreclosure has been initiated by the Defendant BPPR because it has decided not to. However, what is evident is that defendant decided to continue with collection efforts of coercive nature against the plaintiff after the bankruptcy filing and the confirmation of the plan."

BPPR/Defendant

BPPR admits and agrees that the material facts are uncontested and that there is single exhibit pertinent to this adversary proceeding. What the court must determine is if the mailing of the June 14, 2019 letter from BPPR to the Debtor constituted a violation of the automatic stay provisions of 11 U.S.C. §362 or was in contempt pursuant to 11 U.S.C. §105. BPPR alleges that this adversary proceeding should be disposed of summarily in its favor.

BPPR alleges that plaintiff has failed to meet the three (3) elements for a finding of a 11 U.S.C. §362 automatic stay violation. The elements are: "a debtor alleging a violation of the automatic stay must demonstrate, by a preponderance of the evidence, '(1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed, and (3) that the debtor suffered damage as a result of the violation.'" Rivera v. Oriental Bank, 558 B.R. 36, 41 (Bankr. D.P.R. 2016) (citing Slabicki v. Gleason, 466 B.R. 572, 577-78 (B.A.P. 1st Cir. 2012).

First, there is no violation of the automatic stay as "Banco Popular's letter dated June 14, 2019 did not violate 11 U.S.C. §362(a)(6). The letter was not an act to collect, assess or recover a claim against the debtor that arose before the commencement of the case. As noted from its tenor,

Banco Popular's letter was not a coercive, harassing or collection effort against Plaintiff; it had the intended purpose of providing Plaintiff with options to retain his residence, which could forestall Banco Popular's enforcement of its lien notwithstanding receiving consensual relief from stay 27 months earlier."

Second, BPPR did not willfully violate the automatic stay nor intended the actions which constituted the violation. The "automatic stay which Banco Popular was aware of, had been lifted on March 2, 2017as to Banco Popular. This is a crucial factor in disposing of this adversary proceeding regarding the alleged 11 U.S.C. §362(a)(6) violation. Besides the fact that the automatic stay was no longer in effect, by reviewing the full text of the letter, this Honorable Court can determine that Banco Popular did not intend to collect loan #0705909489 through its June 14, 2019 letter." BPPR reasons that it "was under the reasonable impression that no automatic stay was in effect, and Banco Popular intended to inform Plaintiff of options available to retain his residence without foreclosure proceedings, to which he had consented to 27 months earlier." The court must determine if there is a violation of the automatic stay under the totality of the circumstances, McConnie Navarro v. Banco Popular de Puerto Rico (In re McConnie Navarro), 563 B.R. 127 (Bankr. D. P.R. 2017). It is not per se improper to contact a debtor. Under the totality of circumstances, the statements in the letter show that BPPR "is not attempting to collect the debt as a personal liability."

Third, "Plaintiff cannot prove or sustain damages, because he consented to relief from stay, and Banco Popular's June 14, 2019 letter did not request payment of loan arrears (immediately or within a specific term); contrariwise, it offered Plaintiff several options available to retain his residence. It should be noted that, notwithstanding consenting to relief from stay in his confirmed plan, Plaintiff continued occupying his residence without further payments to or communications with Banco Popular. In other words, Plaintiff had continued to occupy his residence for free, and without further intervention or communications by Banco Popular."

Standard Motion for Summary Judgment

The court relies on the following prior decisions when analyzing the summary judgment standard: In re Román-Perez, 527 B.R. 844, 855 – 856, (Bankr. D.P.R. 2015); In re Otero Rivera, 511 B.R. 6 (Bankr. D.P.R. 2014); and In re Lopez, 492 B.R. 595 (Bankr. D.P.R. 2013).

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

-4-

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202–203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205–206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v.

Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159, 90 S.Ct. 1598.

The summary judgment standard applies to both parties to the complaint as they have filed cross motions for summary judgment. The relevant facts are not in controversy. Both parties agree on the uncontested facts. What is determinative is whether the letter sent by BPPR to the Debtor constitutes a post-petition collection action by BPPR of the debt dealt with specifically in the confirmed chapter 13 plan. The letter was attached to the complaint and has been submitted by both parties as an exhibit to their respective motions for summary judgment. The letter is attached to this order as Exhibit I for ready reference.

Uncontested Facts

The uncontested facts detailed below are taken from the joint pretrial report verbatim. The court notes that the same uncontested facts have also been included in the motions for summary judgment being addressed herein.

1. On November 30, 2016, the Plaintiff, Omar Ramos Morales, residing at Bo. Tejas Sector Joyeros Km. 1.9 Carr. 917, Las Piedras, P.R.00771, filed a Chapter 13 Bankruptcy petition; Case number 16-09440-ESL, with Schedules, and Statement of Financial Affairs.

2. In Schedule A/B: Property, Plaintiff declared a "100% interest in property located at Bo. Tejas Sector Joyeros Km. 1.9 Carr. 917, Las Piedras, P.R.", with a current value of $170,000.00.

3. In Schedule D: Creditors Who Have Claims Secured by Property, Section 2.2, Plaintiff declared Defendant Banco Popular of Puerto Rico (hereinafter "BPPR") as a creditor with a claim of $212,784.00, secured in the amount of $170,000.00, by a"100% interest in property located at Bo. Tejas Sector Joyeros Km. 1.9 Carr. 917, Las Piedras, P.R.", and unsecured in the amount of $42,784.00, with regards to Debtor's pre-petition mortgage debt identified with account number 9489.

4. In the Master Address List, Defendant BPPR was listed with a mailing address of Banco Popular, Bankruptcy Department, PO Box 366818, San Juan, PR 00936-6818.

5. On or about December 1, 2016, [the] Court gave notice through the CM/ECF System, including Defendant BPPR, informing that all actions or proceedings to enforce any claims or to levy on property of the debtor subsequent to the filing of the aforesaid petition were stayed by law.

6. The notice mailed by [the] Court to BPPR, included the following warning to all creditors: "The filing of the case imposed an automatic stay against most collection activities. This means that creditor generally may not take action to collect debts from the Debtors, the Debtors' property and certain co-debtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, reposes property or otherwise try to collect from the Debtors. Creditors who violate the stay can be required to pay actual expenses and punitive damages and attorney's fees".

7. Defendant BPPR filed a proof of claim on December 20, 2016, as secured, in the amount of $239,272.51, in relation to the mortgage loan identified with number 9489.

8. On February 15, 2017, Plaintiff filed an Amended Chapter 13 Plan dated February 3, 2017, providing in Section III(H1), for Defendant BPPR mortgage loan identified with number 9489: "(H1) Relief from the Automatic Stay. The debtor consents to relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to permit the following creditors to enforce their state-law interests against the following collateral. Any deficiency claim filed by such creditor following the disposition of such collateral will be treated as unsecured. The debtor's consent does not affect the interests of the trustee or any co-obligor." The Collateral (Description and Location) was described as "100% interest in property located at Bo. Tejas Sector Joyeros Km. 1.9 Carr. 917, Las Piedras, P.R."

9. On March 2, 2017, a Confirmation Order for the Plan was entered in this case which included Plaintiff's mortgage loan with Defendant BPPR identified with number 9489; and Defendant BPPR received notification of this order on or about March 6, 2017.

10. The Confirmed Plan provided for the relief from the automatic stay upon confirmation in favor of BPPR regarding the mortgage loan with account number ending in 9489. Per the terms of the plan, the stay was lifted for the creditor to proceed with state law remedies against the collateral exclusively.

11. On June 14, 2019, the Defendant sent a letter to Plaintiff regarding the mortgage loan #9489. [The letter is attached hereto as Exhibit I.]

12. Defendant BPPR has not foreclosed on Plaintiff's "100% interest in property located at Bo. Tejas Sector Joyeros Km. 1.9 Carr. 917, Las Piedras, P.R."

13. Defendant BPPR has not filed a deficiency claim against Plaintiff.

### The Automatic Stay

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95–595, 95th Cong. 1st Sess. 340–342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296–97. ICC v. Holmes Transp., Inc., 931 F.2d 984, 987 (1st Cir.1991); In re Smith Corset Shops, Inc., 696 F.2d 971, 977 (1st Cir.1982). "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id. at 977.

Section 362 of the Bankruptcy Code provides that upon filing for bankruptcy, a debtor is immediately protected by an automatic stay that prohibits, *inter alia,* the "continuation ... or other action or proceeding against the debtor that was or could have been commenced before the [bankruptcy petition] or to recover a claim against the debtor that arose before the commencement of the case under this title" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case ..." 11 U.S.C. § 362(a)(1) and (6). "This respite enables debtors to resolve their debts in a more orderly fashion and at the same time safeguards their creditors by preventing different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir.1997) (citations omitted). "Section 362(a)(6) is intended to prevent creditor

harassment of the debtor in attempting to collect pre-petition debts. The conduct prohibited ranges from that of an informal nature, such as by telephone contact or by dunning letters, to more formal judicial and administrative proceedings that are also stayed under subsection (a)(1)." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03[8][a] (16th ed.2015).

The uncontested facts show that the automatic stay was in effect, BPPR had actual notice of the filing of the petition, BPPR filed a secured proof of claim, and the claim by BPPR was specifically dealt with in the confirmed chapter 13 plan. It is also uncontested that on June 14, 2019, BPPR sent to the Debtor a letter requesting payment of the arrears on the mortgage loan.

### Violation of the Automatic Stay

"The automatic stay imposes on non-debtor parties an affirmative duty of compliance." Whitman–Nieves v. P.R. Fed. Credit Union (In re Whitman–Nieves), 519 B.R. 1, 8 (Bankr. D.P.R. 2014), quoting Otero–Lopez v. Dep't of Treasury of P.R. (In re Otero–Lopez), 492 B.R. 595, 607 (Bankr. D.P.R. 2013). To ensure compliance of the automatic stay, section 362(k) of the Bankruptcy Code provides the necessary means to redress its violation: "an individual injured by a willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages". 11 U.S.C. § 362(k)(1). "A debtor seeking damages under this section bears the burden of proving by a preponderance of the evidence the following three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577–578 (1st Cir. BAP 2012), citing In re Panek, 402 B.R. 71, 76 (Bankr. D.Mass. 2009). "A willful violation does not require a specific intent to violate the automatic stay." In re Otero, 492 B.R. at 607. "The standard for a willful violation of the automatic stay ... is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortgage Group v. Kaneb, 196 F.3d 265, 269 (1st Cir.1999). "The debtor has the burden of providing the creditor with actual notice. Once the creditor receives actual notice, the burden shifts to the creditor to prevent violations of the automatic stay." Id. "In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." Id. "A violation may also be willful if the creditor's original action in violation of the stay occurred without notice of the bankruptcy filing, but it failed to take prompt action to remedy the violation after receipt of notice." Chapter 13 Practice & Procedure § 5B:6. Also see In re Abrams, 127 B.R. 239, 243–244 (9th Cir. BAP 1991); In re Combs, 2006 Bankr. LEXIS 3569, 2006 WL 6591825

(Bankr. N.D.Ga.2006); In re Smith, 180 B.R. 311 (Bankr. N.D.Ga. 1995) (failure to vacate judgment entered post-petition constituted a willful violation of the automatic stay); Commercial Credit Corp. v. Reed, 154 B.R. 471, 476 (E.D.Tex. 1993) ("[A] creditor must act *immediately* to restore the status quo once it learns that it has violated the stay."); In re Wariner, 16 B.R. 216 (Bankr. N.D.Tex. 1981) ("A creditor has an affirmative duty to return the property and restore the *status quo* once it learns its actions violated the stay."); In re Miller, 10 B.R. 778 (Bankr. D.Md. 1981) (creditor has an affirmative obligation to return vehicle repossessed post-petition; failure to do so constituted a willful stay violation and supported an award of damages); In re Taylor, 190 B.R. 459, 461 (Bankr. S.D.Fla. 1995) ("once notice was given [to creditor] that the petition relief had been filed, [he] had an affirmative duty to undo the technical violation).

The basic determination that the court must make is whether the June 14, 2019 letter constituted a violation of the automatic stay. The relevant facts are uncontested. The issue is whether under the uncontested facts, the statements in the June 14, 2019 letter, and the reasonable inferences from the same, BPPR violated the automatic stay provisions of section 362(a) of the Bankruptcy Code.

Discussion

The information in the June 14, 2019 letter will be divided in three parts and in the sequence that the same were presented.

The first states that "[o]ur records show that your mortgage loan reflects payments in arrears at the date of this letter." The total amounts owed were indicated as follows: 56 payments due in the amount of $84,115.92, late charges in the amount of $2,338.60, for a total amount owed of $86,454.52.

The second part states that "[y]ou should pay the total amount due owed in any of our branches", that if payment was made after the date of the letter to disregard the notification, and that if payment was made before the date of the letter to contact BPPR's offices. It also states that information on the "account is reported to the credit bureau agencies, including late payments or non-payments in your account. We urge you to pay on time to maintain a good credit record."

The third part states that "[i]t is possible that you may have been unable to make the payments for reasons beyond your control, such as reduction in income, unemployment, or medical expenses, among others. The purpose of this letter is to inform you that we may be able to help you." The letter goes on to detail the many forms in which BPPR can help customers experiencing financial difficulties.

The first part informs the debt owed, the second requires payment of the debt and warns on the consequences of non-payment. The third offers help to accommodate the needs of the customer. Clearly, the letter is not in accordance with the facts applicable to the Debtor in this case. The letter demands payment and offers assistance. The letter is not in agreement with the terms of the confirmed plan. It may have been well intentioned if the Plaintiff had not filed bankruptcy and the secured debt of BPPR was not specifically dealt with in a confirmed chapter 13 plan.

BPPR moves the court to consider that it "was under the reasonable impression that no automatic stay was in effect, and Banco Popular intended to inform Plaintiff of options available to retain his residence without foreclosure proceedings, to which he had consented to 27 months earlier." BPPR also alleges the statements in the letter show that BPPR "is not attempting to collect the debt as a personal liability."

An "inference may be derived from the totality of circumstances, including from circumstantial facts and post-transaction conduct." Sheila Dewitt and Joseph Dewitt v. Edward T. Stewart, Jr., 948 F.3d 509, 523 (1st Cir, 2020). A factual inference must be based upon substantial evidence. When considering inferences in the summary judgment context, such inferences must be reasonable in light of the uncontested facts and cannot be based on speculation. Summary judgment is proper when only one reasonable inference or interpretation of the facts can be drawn in favor of the moving party.

The terms of the letter show a collection effort with options in case of need. The inference drawn by BPPR is not based on substantial evidence. The content and tone of the letter are not in tune with the facts applicable to the Plaintiff/Debtor as of the date of the letter. The letter does not make any differentiation as to secured portions or deficiencies. The offers of assistance to meet the obligation do not negate the collection intent. Therefore, the court disagrees with the inference or conclusion proffered by BPPR that the letter's intention was to inform the Debtor of available options.

BPPRs factual allegations that the Debtor continues to live the property and that the same has not been foreclosed are arguments which may affect any damage award, but do not excuse the collection effort under the circumstances of this case.

<u>Conclusion</u>

In view of the foregoing, the court grants partial judgment in favor of the Debtor, concluding that BPPR violated the provisions of section 362(a). A hearing on damages will be scheduled. Furthermore, BPPR's request for the summary dismissal of the adversary proceeding is denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of May 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-12-